IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD J. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>CONNOR MICHAEL TULLIUS, WENGER FARMS LLC, and AUTO OWNERS INSURANCE CO.,<br><br>Defendants. | CV 24-49-BLG-TJC<br><br><br><br>**ORDER** |

This action was originally brought by Plaintiff Richard J. Williams ("Williams") in the Montana Thirteenth Judicial District Court, Yellowstone County, against Defendants Connor Michael Tullius ("Tullius"), Wenger Farms LLC ("Wenger"), and Auto Owners Insurance Company ("Auto Owners"). (*See* Doc. 4.) On May 2, 2024, Tullius and Wenger timely removed the action, invoking the Court's diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441. (*See* Doc. 1.) Pursuant to 28 U.S.C. 1446(b)(2), Auto Owners consented to the removal of this action. (Doc. 1 at 4.)

Presently before the Court is Auto Owners' Motion To Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. 5.) The motion is fully briefed and ripe for the Court's review. (*See* Docs. 6, 9, 13.)

1

For the following reasons, Defendants' Motion To Dismiss is DENIED, without prejudice, and with leave to refile following a period of jurisdictional discovery.

I.   **BACKGROUND**

The following facts are taken from Williams' Complaint.[1]  On August 5, 2022, Williams was injured in an automobile accident involving his vehicle and a semi-truck driven by Tullius at the bottom of an exit ramp off Interstate 94 outside Billings, Montana.  (Doc. 4 at 4.)  Williams incurred medical expenses and missed work because of the accident.  (*Id.* at 5.)

Tullius was employed by Wenger at the time of the accident, and the vehicle involved in the accident was registered to Wenger.  (*Id.* at 4, 7.)  Wenger is a Missouri-registered LLC that operates a crop harvesting business in multiple states, including Montana.  (*Id.* at 2.)  At the time, Auto Owners provided liability insurance to Wenger.  (*Id.* at 3.)  Auto Owners is a Delaware corporation with its principal place of business in Michigan.  (*Id.* at 2.)

/ / /

---

[1] In ruling on a motion to dismiss for lack of personal jurisdiction, "the court must accept uncontroverted allegations in the plaintiff's complaint as true and resolve all disputed facts in favor of the plaintiff."  *Caldrone v. Circle K Stores, Inc.*, 2021 WL 6496746, at *3 (C.D. Cal. Aug. 2, 2021) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).  Therefore, for the instant motion, the Court accepts as true the uncontroverted facts in the Complaint and resolves all disputed facts in favor of Williams.

In April 2024, Williams filed this Complaint in Montana state district court. In addition to claims brought against Tullius and Wenger, Williams alleges Auto Owners has refused to make timely and prompt payments for Williams' medical expenses and wage loss.  (*Id.* at 10–11.)  Williams seeks declaratory relief pursuant to the Montana Uniform Declaratory Judgments Act regarding his right to advance payments of medical expenses and wage loss.  (*Id.* at 11.)

Auto Owners moves to dismiss Williams' claim, pursuant to Rule 12(b)(2), arguing that this Court lacks personal jurisdiction over Auto Owners.  (Doc. 5.)

## II.   LEGAL STANDARD

A defendant may move the court to dismiss a complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure if the court lacks personal jurisdiction over the defendant.  When the defendant moves to dismiss a claim on those grounds, the plaintiff bears the burden of proving that the requirements for personal jurisdiction are satisfied.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

When the motion is based on written materials, rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800.  A court's duty is to inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction, accepting the plaintiff's allegations as true.  Further, any "[c]onflicts

3

between parties over statements in affidavits must be resolved in the plaintiff's favor." *Id.*

Where subject matter jurisdiction is based on diversity, "a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Thus, to exercise personal jurisdiction over a non-resident defendant in a diversity case, a federal court must make the following determinations: (1) whether an applicable state rule or statute confers personal jurisdiction over the defendant; and (2) whether assertion of jurisdiction comports with constitutional principles of due process. *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1286 (9th Cir. 1977).

### III.   DISCUSSION

Montana's long-arm statute is found in Rule 4(b)(1) of the Montana Rules of Civil Procedure, and provides as follows:

> All persons found within the state of Montana are subject to the jurisdiction of Montana courts. Additionally, any person is subject to the jurisdiction of Montana courts as to any claim for relief arising from the doing personally, or through an employee or agent, of any of the following acts:
> (A) the transaction of any business within Montana;
> (B) the commission of any act resulting in accrual within Montana of a tort action;
> (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;
> (D) contracting to insure any person, property, or risk located within Montana at the time of contracting;

>> (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
>> (F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or
>> (G) acting as personal representative of any estate within Montana.

Mont. R. Civ. P. 4(b)(1). The Montana Supreme Court has described the first sentence of Rule 4(b)(1) as establishing the requirements for general jurisdiction, with the remainder establishing the requirements for specific jurisdiction. *Cimmaron Corp. v. Smith*, 67 P.3d 258, 260 (Mont. 2003).

General personal jurisdiction is premised on a defendant's relationship to the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 443 P.3d 407, 412 (Mont. 2019), *aff'd*, 592 U.S. 351 (2021). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 582 U.S. 255, 262 (2017) (emphasis in original). To establish general jurisdiction over foreign corporations, their affiliations with the state must be "so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). A corporate defendant is generally "at home" at its place of incorporation and its principal place of business. *Id.* In exceptional cases, however, a corporation may also be at home where its activities in another forum

5

"may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139.

Specific personal jurisdiction, on the other hand, is premised on both the defendant's relationship to the forum and the cause of action. *Ford Motor Co.*, 443 P.3d at 412. Specific jurisdiction is more limited and requires the controversy to be directly related to the defendant's contacts with the forum. *Bristol-Myers*, 582 U.S. at 262. If specific jurisdiction is found, then it must be determined whether exercising jurisdiction over the defendant would be consistent with the defendant's due process rights under federal law. *Bedrejo v. Triple E Can. Ltd.*, 984 P.2d 739, 742 (Mont. 1999); *see also Grizzly Sec. Armored Express, Inc. v. Armored Grp., LLC*, 255 P.3d 143, 149 (Mont. 2011).

### A.     General Jurisdiction

Auto Owners argues it is not subject to general jurisdiction in this forum because Auto Owners cannot be "found within" Montana, as required by the long-arm statute. (Doc. 6 at 13.) Auto Owners points out that it is incorporated in Delaware and maintains its principal place of business in Michigan. (*Id.* at 10.) Williams concedes that Auto Owners is neither "found within" Montana nor otherwise "at home" in the state. (Doc. 9 at 16.) Therefore, it is undisputed the Court cannot exercise general jurisdiction over Auto Owners under Montana's long-arm statute.

B.  **Specific Jurisdiction**

In the absence of general jurisdiction, Rule 4(b)(1) provides several avenues whereby Montana courts can nevertheless assert personal jurisdiction over the plaintiff's specific claims against a defendant. Of the long-arm statute's provisions, the parties dispute the applicability of subdivisions (b)(1)(A) ("the transaction of any business within Montana"), (b)(1)(B) ("the commission of any act resulting in accrual within Montana of a tort action"), and (b)(1)(D) ("contracting to insure any person, property, or risk located within Montana at the time of contracting"). The Court will address each of these provisions in turn.

1.  **Transaction of Business Within Montana**

Rule 4(b)(1)(A) provides that a defendant may be subject to specific personal jurisdiction if the claim against it arises from the "transaction of any business within Montana." The provision requires "far fewer contacts with the forum state than are necessary to support general jurisdiction on the theory that the defendant is 'doing business' in the forum state." *Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 18 (Mont. 2015) (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, Civil 3d § 1069.2 (2002)).

Nevertheless, the same factors are considered, "such as the defendant company's local negotiations for various types of commercial transactions, the solicitation of business within the state, prior litigations in the forum, the presence

7

of agents in the state, and the existence of ongoing contractual relationships with residents of the forum state." *Milky Whey*, 342 P.3d at 18 (quoting Wright & Miller, *supra*, § 1069.3). While fewer contracts are required, there still must be "substantial interactions occur[ring] in Montana." *Id.* at 19. For example, merely entering into a contract with a Montana resident does not subject a non-resident to jurisdiction. *Cimmaron*, 67 P.3d at 260–61. "Even extensive interstate communications . . . do not give rise to jurisdiction where the contract is to be performed in another state." *Milky Whey*, 342 P.3d at 19. This is because "interstate communication is an almost inevitable accompaniment to doing business in the modern world, and cannot be itself be considered 'contact' for justifying the exercise of personal jurisdiction." *Cimmaron*, 67 P.3d at 261 (citing *Edsall Constr. Co. Inc. v. Robinson*, 804 P.2d 1039, 1042 (Mont. 1991)). Further, it is well established that "a defendant must be haled into court in a forum state 'based on his own affiliation with' the state, not based on the unilateral activity of a plaintiff or on the random fortuitous, or attenuated contacts the defendant has with other persons affiliated with the state." *Tackett v. Duncan*, 334 P.3d 920, 928–29 (Mont. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

Here, Auto Owners has not transacted business within Montana for the purposes of Rule 4(b)(1)(A). Even taking Williams' theory at face value, it cannot be said that Auto Owners has substantial business-related interactions occurring in

Montana. There are no allegations here that Auto Owners sells its products or services in Montana, has offices or employees in Montana, solicits business in Montana, sends representatives to Montana to negotiate contracts, derives revenue from doing business in Montana, or otherwise transacts business here.

Accordingly, the Court cannot assert personal jurisdiction over Auto Owners under Rule 4(b)(1)(A).

### 2. Commission of an Act Resulting in Accrual of a Tort Action

Rule 4(b)(1)(B) provides that "any person is subject to the jurisdiction of Montana courts as to any claim for relief arising from the doing personally, or through an employee or agent, of . . . the commission of any act resulting in accrual within Montana of a tort action . . . ." Auto Owners argues it did not engage in any act that resulted in the accrual of a tort in Montana, and therefore, there is no jurisdiction under Rule 4(b)(1)(B). (Doc. 6 at 24–25.) Williams argues that Auto Owners "through the actions of its Montana agents, failed to act reasonably and promptly in response to advance pay demands, and ignored repeated communications from Plaintiff's counsel," and that these actions resulted in the accrual of a tort in Montana. (Doc. 9 at 14; *see also id.* at 19, 21.)

Montana's Unfair Trade Practices Act ("UTPA") governs the relationship between insurer and claimant and prohibits unfair claim settlement practices. *See* Mont. Code Ann. § 33-18-201. The UTPA provides that a third-party claimant has

9

an independent cause of action for damages against an insurer who violates various provisions of the Act. *Id.* § 33-18-242(1). One such provision states that an insurer may not "neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." *Id.* § 33-18-201(6). Another provides that an insurer may not "fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage." *Id.* § 33-18-201(13). The Montana Supreme Court has interpreted these provisions as imposing an obligation to pay an injured third-party's damages which are not reasonably in dispute, such as medical expenses and lost wages, prior to final settlement when liability is reasonably clear. *See DuBray v. Farmers Ins. Exch.*, 36 P.3d 897, 900 (Mont. 2001); *Ridley v. Guar. Nat'l Ins. Co.*, 951 P.2d 987, 992 (Mont. 1997).

Nevertheless, any claim that Williams may have against Auto Owners under the UTPA has yet to accrue. Under Montana law, "a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." Mont. Code Ann. § 27-2-102(1)(a). Under the UTPA, a third-party claimant may not file an action under Section 33-18-242 "until after the underlying claim has been settled or a judgment

entered in favor of the claimant on the underlying claim." *Id.* § 33-18-242(7)(b). Since the underlying claim in this action has not been settled or judgment entered in William's favor, any claim Williams may ultimately have under the Montana UTPA has not accrued.  Therefore, personal jurisdiction may not rest on Rule 4(b)(1)(B) and "the commission of any act resulting in accrual within Montana of a tort action."

### 3. Insuring Property in Montana

Rule 4(b)(1)(D) provides that any person "contracting to insure any person, property, or risk located within Montana at the time of contracting" is subject to personal jurisdiction as to any claim for relief arising from that contract.  Auto Owners argues that the insurance contract was entered into in Missouri; the property to be insured was located there; and the policy only covered operations "within a 200-mile radius."  (Doc. 6 at 26.)  Williams responds that the exercise of personal jurisdiction is appropriate based on Auto Owners insuring vehicles which were located in Montana for protracted periods of time each year, and may have been located in Montana at the time of contracting.  Alternatively, Williams requests jurisdictional discovery on this issue.

Given the record currently before the Court, it cannot be concluded that Auto Owners contracted to insure property in Montana for purposes of Rule 4(b)(1)(D).  Although Williams alleges that Auto Owners knew or should have

known that the insured vehicle may be used in Montana for business purposes, Williams acknowledges that he can only speculate as to whether the vehicle was in Montana at the time of contracting. (Doc. 9 at 22.) Further, Williams' argument that Wenger's continued use of an insured vehicle in Montana amounts to insuring vehicles in Montana is unpersuasive. Such circumstances simply do not create personal jurisdiction. *See Carter v. Miss. Farm Bureau Ins. Co.*, 109 P.3d 735, 740–42 (Mont. 2005).

Nevertheless, Williams has presented evidence to show that the vehicles insured by Auto Owners operated outside of Missouri for approximately six months each year, and specifically in Montana during July through September each year. Evidence has also been offered that indicates that at one time the trailer involved in the accident was registered in Montana. Additionally, although the entire policy has not been submitted, the declarations pages to the policy indicate that several of the endorsements, including the addition of Tullius as an insured driver, were effective on July 22, 2022. (Doc. 6-1 at 12, 23.) That date is within the time period Wegner Farms was typically operating in Montana.

Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*,

788 F.2d 535, 540 (9th Cir. 1986)).  A plaintiff need only establish a "colorable basis" for personal jurisdiction to entitle it to jurisdictional discovery.  *In re JPMorgan Chase Derivative Litig.*, 2014 WL 5430487, at *26 (E.D. Cal. Oct. 24, 2014) (collecting cases).  That is, the plaintiff must "come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id.*  Ultimately, courts enjoy broad discretion to permit or deny jurisdictional discovery.  *Laub*, 342 F.3d at 1093.

In this case, the evidence submitted by Williams establishes a colorable basis for personal jurisdiction under Rule 4(b)(1)(D).  The facts plausibly suggest that Auto Owners may have contracted to insure a person or property located within the state of Montana at the time of contracting.  Therefore, Williams will be provided an opportunity to engage in discovery on that issue.

IV. **CONCLUSION**

Accordingly, IT IS ORDERED:

1. Auto Owners' Motion To Dismiss is DENIED, without prejudice, and with leave to renew.

2. Williams' request for jurisdictional discovery is GRANTED. Williams shall be provided a period of 90 days to conduct discovery on the issue of

/ / /

/ / /

whether personal jurisdiction of Auto Owners can be established under Mont. R. Civ. P. Rule 4(b)(1)(D).

    DATED this 11th day of December, 2024.

                                                                                   TIMOTHY J. CAVAN
                                                                                  United States Magistrate Judge